Hallows, J.
(on motion for rehearing). The original opinion did not discuss the question of whether the interest of justice required that the principles of equity be invoked to preclude the defendant host-driver from employing the defenses of assumption of risk and contributory negligence. We assumed in affirming the findings of contributory negligence and assumption of risk it would be understood this argument was rejected. However, counsel for the plaintiff on rehearing calls this issue to our attention, relying on the suggestion in State ex rel. Reynolds v. Breidenbach (1931), 205 Wis. 483, 237 N. W. 81.
The plaintiff cites Keilly v. Severson (1912), 149 Wis. 251, 135 N. W. 875, and Estate of Wilkins (1927), 192 Wis. 111, 211 N. W. 652, for the proposition that the principles of equity may be invoked to preclude the defendant from setting up the defenses of contributory negligence and assumption of risk. The argument is based on the theory that the defendant was responsible for, or at least encouraged and contributed to, the plaintiffs intoxicated condition which gave rise to her acts of contributory negligence and assumption of the risk. However, the facts do not support *201b the application of the rule contended for by the plaintiff. The defendant was not responsible for the presence of the plaintiff at the party, other than giving her and her friends a ride in the car he was driving. Neither the defendant nor the plaintiff knew there was a party at the Pendergast house. The plaintiff was in the companionship of her friends at the party, and not with the defendant. This is not a case of a nineteen-year-old boy dating a fifteen-year-old girl and getting her intoxicated. True, the defendant purchased a case of beer when the supply ran out at the Pendergast home, but the beer was not furnished directly to the plaintiff and the defendant did not entice or encourage the plaintiff to drink. He had no direct knowledge of the plaintiffs drinking, and no legal responsibility to chaperon her.
By the Court. — Motion for rehearing denied with $25 costs.